**DIRECTV, INC., Plaintiff–Appellant,**

v.

**Robert MEINHART, Sigmund Golembeski, Defendant–Appellees.**

**Docket No. 05–0887–cv.**

United States Court of Appeals, Second Circuit.

Dec. 9, 2005.

Joshua G. Berman, Sonnenschein Nath & Rosenthal LLP, Washington, D.C. (Howard R. Rubin and Lauren E. Bush, on the brief), for Appellant.

PRESENT: CARDAMONE, LEVAL, and SACK, Circuit Judges.

## SUMMARY ORDER

DirecTV, Inc. ("DTV"), which is engaged in the business of direct transmission of television entertainment via satellite, brought this action against Robert Meinhart and Sigmund Golembeski alleging various claims relating to the interception or decryption of satellite programming. The complaint includes four claims against each defendant: (1) unauthorized interception of interstate or foreign communication in violation of 47 U.S.C. § 605(a); (2) knowing importation, manufacture, assembly, modification, sale or distribution of devices intended for the unauthorized decryption of satellite cable programming in violation of 47 U.S.C. § 605(e)(4); (3) unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1)(a); and (4) knowing possession of electronic devices primarily useful for the surreptitious interception of wire or electronic communications in violation of 18 U.S.C. § 2512(1)(b). The defendants failed to appear to contest the charges. DTV moved for default judgment only on the second claim, which alleged violation of 47 U.S.C. § 605(e)(4). The district court denied this motion and entered judgment in favor of the defendants. Plaintiff then brought this appeal. We reverse the judgment of the district court, and direct entry of default judgment in the plaintiff's favor on the second cause of action. We remand for determination of damages.

The only question before this Court is whether the Complaint appropriately pleads a violation of § 605(e)(4). Section 605(e)(4) provides in pertinent part:

Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in

the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, ... [violates the statute].

Section 605(e)(3) authorizes a civil action against any person who violates § 605(e)(4), and provides for statutory damages of not less than $10,000, or more than $100,000. 47 U.S.C. § 605(e)(3)(C)(i)(II).

As we read the Complaint, it properly alleges that each defendant violated the statute. It alleges for example that the defendants "assembled ... signal theft devices ... knowing ... that the design of such devices render them primarily for the unauthorized decryption of DirecTV's satellite transmissions...." It alleges also that the defendants "modified" such devices, as well as "manufactured," "sold," and "distributed."[1] We see no reason to doubt that this pleading asserts a violation of § 605(e)(4). DTV has alleged the precise activity covered by § 605(e)(4).

The district court denied default judgment on the basis of two steps of reasoning. First, the district court concluded, in accord with several other district courts, "that § 605(e)(4) targets upstream manufacturers and distributors, not the ultimate consumer of pirating devices." *DirecTV, Inc. v. Meinhart*, No. 03–CV–897S, slip op. at 5 (W.D.N.Y. Feb. 10, 2005) (quoting *Directv v. Albright*, No. Civ. A. 03–4603, 2003 WL 22956416, at *2 (E.D.Pa. Dec.9, 2003)). In this conclusion, the district court relied in part on our characterization of § 605(e)(4), in dicta, as "the provision relating to manufacturers and sellers, rather than users, of cable descramblers."

*DirecTV, Inc. v. Meinhart*, No. 03–CV–897S, slip op. at 6 (quoting *Cmty. Television Sys., Inc. v. Caruso*, 284 F.3d 430, 435 n. 6 (2d Cir.2002)). The district court reasoned that in order to violate § 605(e)(4), the defendant must have "gained [a] benefit beyond his personal use." *DirecTV, Inc. v. Meinhart*, No. 03–CV–897S, slip op. at 7. Second, the district court read the Complaint to allege nothing more than personal use of a decryption device.

It was error to read the Complaint as alleging only personal use. In drafting a complaint, a party is free to plead inconsistently or in the alternative. Fed.R.Civ.P. 8(e)(2). *See also Henry v. Daytop Village, Inc.*, 42 F.3d 89, 95 (2d Cir.1994). If a part of the complaint adequately pleads a violation of the statute, the complaint should not be deemed insufficient on the ground that another part does not. In concluding that there were "no allegations that either defendant manufactured the devices, used the devices for commercial purposes, purchased the devices for resale, engaged in an enterprise to distribute the devices, or gained any benefit beyond his personal use of the devices," *DirecTV, Inc. v. Meinhart*, No. 03–CV–897S, slip op. at 7–8, the district court was focusing on factual allegations in the Complaint alleging purchases of devices, without acknowledging the later portions of the Complaint, which explicitly alleged manufacture, assembly, modification, sale, and distribution of devices designed primarily for the unauthorized decryption of DTV satellite transmissions. The district court was obligated

---

1. The Complaint reads:
   Defendants have imported or caused to be imported to the United States, manufactured, assembled, modified sold or distributed signal theft devices, knowing or having reason to know that the design of such devices render them primarily for the unau-

   thorized decryption of DirecTV's satellite transmissions of television programming, or intended to assist other persons in the unauthorized reception of DirecTV's satellite transmission of television programming, in violation of 47 U.S.C. § 605(e)(4).

312

to credit the plaintiff with portions of its Complaint that did adequately plead violation of § 605(e)(4), regardless of whether other portions of the Complaint were deemed inadequate. We therefore vacate the judgment.

We believe, furthermore, that it was unnecessary for the district court to interpret the statute in ruling on DTV's motion for default judgment. The Complaint alleged, as quoted above, that the defendants "assembled" or "modified" the prohibited device with the prohibited state of mind. It also alleged that the defendants "manufactured," "sold," and "distributed" such devices. Regardless of whether it will ultimately be determined that the statute pertains only to commercial activity and not to personal use, the Complaint alleged the acts which the statute forbids, and the defendants did not contest what it alleged.

In vacating the district court's denial of DTV's motion for default judgment, we express no view in this uncontested case as to whether § 605(e)(4) can be violated by personal use of a descrambling device, or whether it applies only to commercial, or distributive, exploitation of the device. The question before us is not whether the defendants have in fact violated the statute, but whether the Complaint, to which the defendants defaulted, adequately alleged a violation.

Because the district court ruled against DTV, it never reached the question of damages. In moving for default judgment, the plaintiff asserted that each defendant purchased three pieces of decryption equipment, and that each defendant had therefore committed three violations of § 605(e)(4). The statute provides, for each violation, statutory damages of no less than $10,000 nor more than $100,000, "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). DTV therefore asserted in its motion for default judgment, and in this court, that it was entitled to judgment in the amount of $30,000 against each defendant.

We remand to the district court to determine damages. We leave entirely to the district court, expressing no view on the question, whether the plaintiff has shown entitlement to more than one unit of statutory damages for each defendant. One violation (for each defendant) was established by the fact that the plaintiff adequately pleaded a violation which the defendant failed to contest. We leave it to the district court to determine whether DTV has established any entitlement beyond that.